IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE TIMOTHY MERRITT, | NO. 1:06-CV-01289 |
| Petitioner | JUDGE SYLVIA H. RAMBO |
| v. | |
| EDWARD J. KLEM, *et al.*, | |
| Respondents | |

### M E M O R A N D U M

Before the court is a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. Respondents assert that the petition should be dismissed for failure to timely file under the applicable statute of limitations in § 2244(d). Because the court concludes that the petition was not timely filed and that neither statutory nor equitable tolling of the statute of limitations is proper, the petition will be dismissed.

I.     **Background**

    A.     **Facts**

On February 1, 2000, in the Dauphin County, Pennsylvania, Court of Common Pleas, Petitioner Shane Timothy Merritt pled guilty to three counts of robbery, five counts of criminal conspiracy, one count of burglary, two counts of possessing instruments of crime, and two counts of criminal attempt. He was sentenced the same day to serve twelve and one-half to thirty years in state prison. His attorney for plea and sentencing was John Fabriele, Esq., of the Dauphin County Public Defender's Office. Petitioner filed *pro se* an Application for Petition for Modification of Sentence *nunc pro tunc*. (Doc. 1, Pet. Under 28 U.S.C. § 2254 at 3 ¶ 9.) The application was denied on June 16, 2000. (*Id.*) On October 20, 2000, Petitioner filed *pro se* a notice of appeal. (Doc. 1, Mem., *Commonwealth v. Merritt*,

No. 305 MDA 2005 (Pa. Super. Ct. Aug. 18, 2005) ["Super. Ct. Mem."] at 2.)  The Superior Court of Pennsylvania denied his appeal as untimely.  (*Id.*)

To support his appeal, Petitioner attempted to obtain the transcripts and discovery package from his guilty plea and sentencing.  On June 26, 2000, he wrote to Mr. Fabriele asking for a copy of the materials and informing him of his intent to appeal the order denying his motion for modification.  (Doc. 1 at 28.)  Mr. Fabriele responded on September 8, 2000.  He informed Petitioner that he was not sure that Petitioner would be able to appeal his case "for the sole reason that [he] entered a plea of guilty."  (*Id.* at 29.)  Mr. Fabriele indicated that he would not be able to send the requested documents because the Public Defender, as a matter of policy, does not copy and provide "the voluminous amount of material" involved in a case like Petitioner's.  (*Id.*)  Petitioner then filed, in the trial court, a Petition for an Order Mandating Clerk of Courts or Stenographer to Furnish Records and Transcripted Notes of Testimony *In Forma Pauperis*.  (*Id.* at 4 ¶ 11.)  He was denied permission to proceed *in forma pauperis* on September 29, 2000.  (Super. Ct. Mem. 2.)  By the same order, his request for the documents was denied because he had not paid the appropriate transcript and copying fees and because he did not file the request through counsel of record.  (*Id*; *see* Doc. 1 at 30.)  Petitioner filed a notice of appeal of this decision in the Superior Court, but no appeal was docketed.  (Super. Ct. Mem. 2.)

On October 24, 2000, the trial court notified Petitioner that he was required to pay the filing fee for his appeal of the denial of his application for modification of sentence because his petition to proceed *in forma pauperis* had been denied.  (*Id.*)  Petitioner again applied to proceed *in forma pauperis* on October 31, 2000.  On November 6, 2000, the trial court denied his request and directed him to

file all motions through his counsel of record, Mr. Fabriele.[1]  (*Id.*)  On November 27, 2000, Petitioner sent a letter to the Disciplinary Board of the Supreme Court of Pennsylvania alleging misconduct by Mr. Fabriele for refusing to file an appeal and refusing to withdraw his name as Petitioner's counsel of record.  (Doc. 1 at 33.)  Paul Burgoyne, Esq., Deputy Chief of the Disciplinary Council, responded to Petitioner on November 29, 2000, advising him that his complaint had been received and someone from the Council would be contacting him soon.  (*Id.* at 34.)  There is no evidence of further action by Petitioner or the Disciplinary Council on this complaint.

More than year passed without further activity in Petitioner's case.  Then on December 18, 2001, Petitioner filed a petition for mandamus in the Superior Court, requesting that the trial court be ordered to provide the transcripts and discovery package from his plea and sentencing.  (Doc. 1 at 4 ¶ 11(b).)  He also asserted that Mr. Fabriele had refused to provide him with information or assistance on appeal and also refused to withdraw as his counsel of record.  (Super. Ct. Mem. 3.)  Petitioner requested that the court order Mr. Fabriele to assist his appeal or withdraw.  (*Id.*)  The petition was denied in its entirety on January 11, 2002.  (Doc. 1 at 4 ¶ 11(b).)

Another year passed without further legal action from Petitioner or his counsel of record.  In an undated letter, Petitioner wrote to George F. Schultz, the Chief Public Defender of Dauphin County.  (*Id.* at 30-31.)  He asked Mr. Schultz for assistance and advice on how to proceed in his quest for an appeal of his conviction and sentencing.  (*Id.*)  He noted that Mr. Fabriele's failure to withdraw as counsel of record had prevented him from filing motions with the court.  (*Id.*)  He also

---

[1]This order was not docketed until April 4, 2005.  (*Id.*)

acknowledged that he was unable to afford the $110.00 fee for the transcripts and discovery from the trial court. (*Id.*) A legal intern at the Public Defender's Office responded to Petitioner's letter on or about February 28, 2003. (*Id.* at 32.) He informed Petitioner that his time for direct appeal had long expired. (*Id.*) The intern noted that the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9551, could have been an avenue for relief if Petitioner had filed a petition under that statute within one year of the date that the judgment against him became final. (Doc. 1 at 32.) The intern noted that Petitioner's judgment had become final more than three years before. (*Id.*) Even so, the intern included with his letter a copy of Petitioner's file and other pertinent information. (*Id.*)

Another year passed without action from Petitioner. Then on March 23, 2004, Petitioner filed for relief under the PCRA for alleged failure of trial counsel to file an appeal or challenge his sentence. (Doc. 1 at 4 ¶ 11(b); Super. Ct. Mem. 3.) He was granted permission to proceed *in forma pauperis* and appointed counsel on April 6, 2004. (Super. Ct. Mem. 3.) On July 30, 2004, his PCRA attorney filed a letter informing the court that the PCRA petition was without merit and a petition to withdraw from representation. (*Id.*) The trial court agreed. (Doc. 1, Mem. Op. & Order, *Commonwealth v. Merrit* [*sic*], No. 1654-1657 CR 1999 (Pa. Ct. Comm. Pls. Dec. 10, 2004) ["Comm. Pls. Mem."] at 2.) It found that Petitioner's PCRA petition was barred as untimely and not subject to any statutory exception allowing filing out of time. (*Id.*) With the opinion, the court issued notice of its intent to dismiss Petitioner's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1) and (4). The court considered Petitioner's objections to the notice but dismissed his PCRA petition without an evidentiary hearing on December 30, 2004. (Doc. 1, Final Order, *Commonwealth v. Merritt*, No. 1654, 1657 CR 1999 (Pa. Ct. Comm. Pls. Dec. 30, 2004).)

Petitioner timely appealed the dismissal. (Super. Ct. Mem. 3.) The Superior Court affirmed the PCRA court on August 18, 2005. (*Id.*) The Supreme Court of Pennsylvania denied his petition for allowance of appeal on March 31, 2006. (Resp'ts' Ex. 5.)

### B.    Procedural History

The instant petition for writ of habeas corpus was filed on June 29, 2006. (Doc. 1.) Respondents' motion for leave to file a partial answer to the petition on statute of limitation grounds was granted on August 1, 2006. (Doc. 10.) Respondents' partial answer was filed on August 6, 2006. (Doc. 11.) Petitioner's traverse and supporting memorandum were filed on August 22, 2006. (Docs. 12, 13.) This matter is now ripe for disposition.

## II.    Discussion

Respondents claim that the instant § 2254 petition was filed after the termination of the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). Petitioner argues that this court should consider the merits of his § 2254 petition because statutory or equitable tolling should apply to the statute of limitations. (P. & A. in Supp. of Traverse.) The court concludes that the petition is not eligible for either statutory or equitable tolling. Each request will be addressed in turn.

### A.    Statutory Tolling

Petitioner is not eligible for statutory tolling. Section 2244(d) states that a § 2254 petition shall be filed within one year after the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

>is removed, if the applicant was prevented from filing by such State action. . . .

§ 2244(d)(1). This statute of limitations shall be tolled for the "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2) (emphasis added). A properly filed application for post-conviction relief must be timely filed under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002) ("If a state court determines that a petition is untimely, 'that would be the end of the matter.'")). The application must also comply with other applicable law and the rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Rules governing filing include the form of the document, the proper location for filing, and payment of the proper filing fee. *Id.*

In Pennsylvania, the "sole means of obtaining collateral relief" from conviction or sentence is the PCRA. 42 Pa. Cons. Stat. Ann. § 9542. Any petition for relief under the statute "shall be filed within one year of the date the judgment becomes final." §9545(b)(1). A judgment "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." §9545(b)(3). A petition will be excepted from this one-year time limit if 1) petitioner failed to timely raise a claim because of interference by government officials in violation of state or federal law;[2] 2) the facts upon which the claim is based were not known to the petitioner and could not have become known to the petitioner by exercise of due diligence; and 3) the right asserted is a constitutional

---

[2] Under the PCRA, defense counsel, whether appointed or retained privately, are not "government officials." § 9545(b)(4).

6

right, recognized by the United States Supreme Court or Pennsylvania Supreme Court and held to apply retroactively. § 9545(b)(1). If any of these exceptions apply, a petitioner must file a PCRA petition within sixty days of the date that the claim could have been presented. § 9545(b)(2). These time limits are jurisdictional requirements. *Commonwealth v. Chester*, 895 A.2d 520, 524 (Pa. 2006). Thus, Pennsylvania courts do not have the legal authority to address the substantive claims contained in a PCRA petition after time expires. *Id.* at 522.

Additionally, there are specific procedural requirements to properly file a PCRA petition. A petitioner must file a verified petition, plus three copies thereof, in the trial court where the petitioner was convicted and sentenced. Pa. R. Crim. P. 901(B). Rule 902 sets for an extensive list of information that must be included in the petition so that the PCRA court has the most complete record possible. *See* Pa. R. Crim. P. 902.

The facts in this case show that this § 2254 petition was filed out of time because of Petitioner's failure to timely file an appeal or a motion for post-conviction relief in the state court system. Petitioner's guilty plea and sentence were imposed on February 1, 2000. Under Pennsylvania law, a judgment becomes final thirty days after it is entered, if a defendant does not file a post-trial motion or notice of appeal. *See* Pa. R. Crim. Pro. 720(a); *Commonwealth v. Liebensperger*, 904 A.2d 40, 43 (Pa. Super. 2006). Petitioner did not file a post-trial motion or notice of appeal, thus his judgment of conviction and sentence became final on March 2, 2000. Thus, the statute of limitations imposed by AEDPA began to run on March 2, 2000. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period ran until March 3, 2001. *See id.* Petitioner does not qualify for statutory tolling of AEDPA's limitations period because there was no "properly filed application for [Pennsylvania] post-conviction relief" on Petitioner's behalf during this time. *See* §

2244(d)(2).  Thus, the instant § 2254 petition, filed on June 29, 2006, was more than five years out of time.  For the sake of thoroughness, however, the court will address each of Petitioner's arguments as to why his petition should be considered timely.  He asserts that the various motions he filed with the trial court should have been construed as properly filed petitions for post-conviction relief under the PCRA, and thus should have tolled AEDPA's statute of limitations.

Petitioner claims that his Application for Petition for Modification of Sentence *nunc pro tunc* should have been considered by the trial court as a petition under PCRA.  (Doc. 1 at 14 ¶ 18.)  The court disagrees based on the plain language of the PCRA itself.  "The action established in [the PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including habeas corpus and coram nobis."  42 Pa. Cons. Stat. Ann. § 9542.  There are procedural rules that state how a PCRA petition shall be initiated, Pa. R. Crim. P. 901, and what its contents shall be, Pa. R. Crim. P. 902.  There is no indication that Petitioner's motion followed these procedural rules.  Thus, the motion does not qualify as a properly filed petition under the PCRA.  If it did so qualify, AEDPA's statute of limitations would have been tolled while the motion was pending.  *See* 28 U.S.C. § 2244(d)(2).  The trial court denied his motion on June 16, 2000.  (Super. Ct. Mem. 2.)  That judgment was final thirty days later, on July 17, 2000.  Petitioner did not file a direct appeal of the decision.  Thus, the petition was "pending" through July 17, 2000.  On that date, the statute of limitations under AEDPA resumed running.  *See* § 2244(d).  Giving Petitioner every benefit of AEDPA's year, a timely filed § 2254 petition would have had to have been received by the court no later than July 18, 2001.

Petitioner argues that the trial court should have construed his petitions for transcripts and discovery as petitions under the PCRA.  (Doc. 1 at 14 ¶ 18.)  The

court finds this assertion unavailing.  A request for transcripts and discovery is a step on the path towards filing a paper that contains a request for substantive relief.  Once received, a transcript and discovery package might have revealed the basis on which a substantive motion for relief under the PCRA could have been filed.  It would be improper and inefficient for a trial court to deem every request for documents from an inmate as a substantive motion for relief under the PCRA.  Further, Petitioner has not shown that these petitions complied with the prescribed form of a properly filed petition under the PCRA.  *See* Pa. R. Crim. P. 901, 902.

Even assuming that the petition for transcripts and discovery was a "properly filed" motion for post-conviction relief, the instant § 2254 petition was still filed out of time.  The discovery petition was filed in September 2000.  (Doc. 1 at 4 ¶ 11(b).)  It was pending until January 11, 2002, when the Superior Court denied Petitioner's request for a writ of mandamus ordering the trial court to release the transcripts and discovery.  (*Id.*)  Petitioner filed this § 2254 petition on June 29, 2006, more than four years later.  The filing was well out of time under AEDPA's one-year statute of limitations.  No statutory exceptions apply to this petition.  Reading his submissions liberally, Petitioner argues that the state court's refusal to issue his transcripts and discovery was an "impediment to filing an application [under the PCRA] created by State action in violation of the Constitution or laws of the United States" and he was "prevented from filing by such State action."  *See* § 2244(d)(1)(B).  As a result, he claims, AEDPA's statute of limitations should be tolled until the impediment is removed – until he is given the transcripts and discovery package at no cost.  *See id.*  If this were true, it would mean that AEDPA's statute of limitations would be tolled until present day and Petitioner's § 2254 petition is timely filed.  This argument, too, is unavailing. Requiring Petitioner to pay reasonable filing fees and costs for creating a copy of the transcript and

discovery package did not violate the Constitution or laws of the United States. *See Artuz*, 531 U.S. at 8 ("requisite filing fee" must be paid for an application for post-conviction relief to be "properly filed").

Petitioner's final attempt at post-conviction relief in the Pennsylvania state courts was his PCRA petition, filed on March 23, 2004. The trial court and the Superior Court held that they were without jurisdiction to hear the merits of the petition because the time limit for filing had long passed. (Super. Ct. Mem. 5-6; Comm. Pls. Mem. 2.) The final decision on the matter was on August 18, 2005. If his PCRA petition had been timely filed, the pending § 2254 petition would be timely filed under AEDPA, because it was received on June 29, 2006, well within one year after the judgment on his PCRA petition became final. *See* § 2244(d)(1)(A). The state courts, however, determined that his PCRA petition was untimely. (Super. Ct. Mem. 5-6; Comm. Pls. Mem. 2.) That was the end of the matter. *See Satterfield*, 434 F.3d at 192. The instant § 2254 petition was not filed within the one-year statute of limitations imposed by AEDPA. No statutory exceptions apply.

### B. Equitable Tolling

The instant petition does not allege facts sufficiently egregious to meet the standard for equitable tolling. A § 2254 petition in the Third Circuit may qualify for equitable tolling of the AEDPA statute of limitations "only when the principle of equity would make the rigid application of a limitation period unfair."[3] *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (quoting *Miller v. New Jersey Dept. of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)). Equitable tolling is proper when a petitioner has, in some extraordinary way, been prevented from asserting his or her

---

[3]The Supreme Court has not addressed the question of whether equitable tolling applies to AEDPA's statute of limitations. *Pace*, 544 U.S. at 418 fn.8.

own rights and the petitioner has been reasonably diligent in investigating and bringing the claims asserted. *Pace*, 544 U.S. at 418; *Fahy*, 240 F.3d at 244. Attorney malfeasance, without more, is not an extraordinary circumstance that warrants equitable tolling of AEDPA's one-year statute of limitations in a non-capital case. *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004); *Baldayaque v. United States*, 338 F.3d 145 (2d Cir. 2003); *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003). The court must look further to determine whether, notwithstanding the attorney's misconduct, the petitioner has exercised reasonable diligence to bring his claims. *Schlueter*, 384 F.3d at 78. Incarceration can limit a petitioner's capacity to exercise due diligence, *id.* at 75, but a demonstrated ability to understand and advocate for his legal rights raise the bar.

Equitable tolling of AEDPA's statute of limitations is not proper in the instant matter because Petitioner's ineffective assistance of trial counsel claim (Doc. 1 at 14 ¶ 18) is not an extraordinary circumstance appropriate for equitable tolling without a showing of reasonable diligence in vindicating his rights. Arguably, Mr. Fabriele should have informed Petitioner of his rights under the PCRA in 2000, after Petitioner requested assistance. Mr. Fabriele could have provided Petitioner with his file from the Public Defender's Office. The legal intern at the Public Defender's Office did both of these things in 2003. (Doc. 1 at 32.) Mr. Fabriele could have withdrawn his name as Petitioner's counsel of record, allowing Petitioner to submit documents to the court *pro se*.

Even if the seeming neglect by Mr. Fabriele rose to the level of "misconduct" that triggers the possibility of equitable tolling – which the court need not find and expressly does not hold – Petitioner has failed to show that he exercised reasonable diligence in pursuing his rights. He began the process of seeking relief for – what he feels is – an illegal conviction and sentence in June 2000. He filed his

11

PCRA petition in March 2004.  Giving Petitioner the benefit of every document he wrote in his effort to secure appeal or assistance, he sat on his rights for three full years during that time period.  To take them in chronological order, the first year was between November 27, 2000 to December 18, 2001 – the time between the date of the letter from the Disciplinary Council to the date of Petitioner's next legal step, filing the petition for mandamus in the Superior Court.  The second year was between January 11, 2002 and around January or February 2003 – the time between the denial of Petitioner's request for mandamus, and the estimated date of his 2003 letter to the Public Defender's Office.  The third year was from February 28, 2003 to March 23, 2004 – the time between the letter from the intern at the Public Defender's Office and the date on which Petitioner filed his PCRA petition.  Although Petitioner took intermittent actions to attempt to vindicate his rights, the time to do so has long passed.

      Further, Petitioner has demonstrated the mental capacity to advocate for himself.  On the instant motion, he has presented cogent legal arguments, cited pertinent authority, and showed the ability to investigate the facts of this case.  His letters regarding the pendency of his motions and appeals in state court reflect a similar capacity.  There is no reason for the court to conclude that Petitioner was anything other than capable of pursuing his rights on his own.  This court will not toll a statute of limitations in equity when an able Petitioner did not take action on behalf of his own rights for three full years.

**IV.**     **Conclusion**

The instant petition for habeas corpus under 28 U.S.C. § 2254 was not filed within the one-year statute of limitations imposed by AEDPA and the facts demonstrate that it is not subject to statutory or equitable tolling. The petition will be dismissed.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: January 25, 2007.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANE TIMOTHY MERRITT,** | : | **NO. 1:06-CV-01289** |
| Petitioner | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| v. | : | |
| **EDWARD J. KLEM,** *et al.***,** | : | |
| Respondents | : | |

## O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT:**

1) The instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1) is dismissed;

2) The clerk of court is directed to close this case; and

3) There exists no basis for the issuance of a certificate of appealability.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: January 25, 2007.