IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHANE TIMOTHY MERRITT,** | : |
| | : |
| Petitioner | : CIVIL NO. 1:CV-06-01289 |
| | : |
| v. | : (Judge Rambo) |
| | : |
| **EDWARD J. KLEM, et al.** | : |
| | : |
| Respondents. | : |

**MEMORANDUM AND ORDER**

Before the court is Petitioner Shane Timothy Merritt's motion for reconsideration of the court's memorandum and order of January 25, 2007 (Doc. 16), dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Petitioner's instant motion (Doc. 17) will be denied.

**I.   Background**

Petitioner, an inmate currently incarcerated at the State Correctional Institution at Mahanoy in Frackville, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 29, 2006, challenging his February 1, 2000, conviction and sentence in the Dauphin County Court of Common Pleas. (*See* Doc. 1.)  Petitioner contended that his trial counsel violated his constitutional rights by forcing him to plead guilty to charges of which he was innocent and by failing to file a direct appeal on his behalf. (Doc. 1 at 6.)  Petitioner also claimed the trial court

erred by denying him a pre-sentence investigation and by dismissing his petition for collateral review as untimely filed. (*Id.*) As a result, he sought reinstatement of his direct appeal rights, or, in the alternative, an evidentiary hearing. (Doc. 1 at 15.)

On August 1, 2006, the court granted Respondents' motion for leave to file a partial answer addressing the issue of timeliness. (Doc. 10.) Respondents filed the partial answer with a brief in support on August 6, 2006. (Doc. 11.) Petitioner filed a traverse on August 22, 2006, arguing that the court should consider the merits of his habeas petition because statutory or equitable tolling should apply to the statute of limitations. (Docs. 12 & 13.) By memorandum and order dated January 25, 2007, the court dismissed Petitioner's habeas petition and found no basis for the issuance of a certificate of appealability. (Doc. 16.) Specifically, the court found that the habeas petition was not filed within the one-year statute of limitations period imposed by Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), because Petitioner had failed to timely file an appeal or a motion for post-conviction relief in the state court system. (*See* Doc. 16 at 7-8.) Further, the court found that Petitioner did not qualify for statutory tolling of AEDPA's limitations period because there was no "properly filed application for [Pennsylvania] post-conviction relief" on Petitioner's behalf during that period. (*Id.* at 7-10.) The court also found that equitable tolling of AEDPA's statute of limitations was not proper in this case because Petitioner's ineffective assistance of counsel claim was not an extraordinary

2

circumstance that warranted equitable tolling given Petitioner's failure to show that he exercised reasonable diligence in pursuing his rights. (Doc. 16 at 11.) Consequently, Petitioner filed the instant motion for reconsideration of the memorandum and order dismissing his habeas petition. (Doc. 17.) After careful review, the court will deny the motion.

**II.     Discussion**

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry. *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its judgment]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)).

These three narrow allowances are the only permissible grounds for a motion to reconsider. "A motion for reconsideration is not to be used as a means to reargue

matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal quotations omitted). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541. "Reconsideration of judgment is an extraordinary remedy[, and] such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

On the instant motion, the court concludes that Petitioner has not demonstrated any of the applicable grounds for reconsideration. There has not been an intervening change in controlling law. Petitioner does not cite new evidence that was unavailable when the court entered judgment. He contends only that the court "overlooked" certain facts of his case. First, he asserts that he is not skilled in the arts and science of law. (Doc. 17 at 1.) Second, he repeats his claim that his trial counsel was ineffective for failing to file an appeal on his behalf. (*Id.*) Third, he asserts again that the Dauphin County Public Defender's Office did not provide him with legal materials pertaining to his case until after the time for filing his motion for post-conviction relief had passed. (*Id.*) And, fourth, he claims that he exercised "reasonable diligence" in trying to pursue his appellate rights. (*Id.* at 2.) The opinion issued on January 25, 2007, addressed each of these circumstances. Thus, the court

finds no basis to reconsider its earlier conclusion that Petitioner's habeas petition should be dismissed based on Petitioner's failure to file the petition within the one-year statute of limitations period imposed by AEDPA.  The court also find no basis to reconsider its conclusion that the facts do not demonstrate that the petition is subject to statutory or equitable tolling. While Petitioner may disagree, there is no legal basis for the court to reconsider its earlier decision.

Accordingly, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. 17) is **DENIED**.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:        March 22, 2007